IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIA TYLER, | : |
| Plaintiff, | : CIVIL ACTION |
| vs. | : |
| GUARDIAN PROTECTION SERVICES, | : NO. 11-628 |
| Defendant. | : |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                   **JULY 13, 2012**

      Presently before the Court is Plaintiff, Mia Tyler's ("Plaintiff"), Motion for Reconsideration of this Court's February 16, 2012 Order (Doc. No. 42) directing Plaintiff to pay Defendant, Guardian Protection Services' ("Defendant"), "reasonable expenses incurred in making" a Motion for Sanctions, including reasonable attorneys' fees.  For the reasons stated below, we will deny the Motion.  However, we will also expound and clarify our prior Orders concerning expenses and attorneys' fees regarding several of the discovery Motions filed by the parties.

**I.     BACKGROUND**

      Plaintiff filed the instant Complaint on January 31, 2011, for unlawful race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981. Plaintiff, an African-American, asserts that she was employed by the Defendant from July 2, 2008, until June 16, 2009, and that she was a highly successful employee. (Compl. ¶¶ 14-16.) Plaintiff alleges that she "received a bogus evaluation which was pretextual in nature for

allegedly making administrative mistakes." (Id. ¶ 18.) Plaintiff further avers that Defendant intentionally discriminated against her as a result of her race, and thereby denied her the benefits of "the contractual relationship she had entered with Defendant by disciplining her for pretextual reasons, subjecting her to harassment as a result of her race, and terminating her employment for pretextual reasons." (Id. ¶ 24.)

On May 2, 2011, the parties entered into a joint discovery plan setting forth that all fact discovery would be completed by September 5, 2011, and dispositive motions filed by October 3, 2011. (Doc. No. 13.) Subsequent to this agreement, the parties began to be involved in a number of discovery disputes which have led to the current Motion. We will outline several of the discovery disputes below.

On August 10, 2011, Defendant filed a Motion to Compel Discovery Responses. (Doc. No. 16.) In such, Defendant asks this Court to order Plaintiff to produce, among other documents, a number of documents that she had referred to during her deposition taken on June 30, 2011. (Id.) Defendant also requested "reasonable expenses incurred in making Defendant's Motion to Compel Discovery Responses, including attorney's fees." (Id.) On August 26, 2011, we granted Plaintiff's Motion to extend fact discovery until October 5, 2011, and on September 16, 2011, we granted Defendant's Motion for additional time to depose Plaintiff. On October 7, 2011, we granted the parties' joint Motion to extend the discovery period until November 4, 2011.

On October 24, 2011, Defendant filed another "Motion to Compel Discovery Responses-Electronically Stored Information." (Doc. 24.) In this Motion, Defendant asked this Court to compel Plaintiff to produce any electronically stored information ("ESI") in her possession that

responds to Defendant's First Request for Production of Documents, and pay the cost for the search and production of such ESI. (Id.) Defendant also requested "reasonable expenses incurred in making this Motion, including reasonable attorney's fees." (Id.) On November 18, 2011, we granted the Motion in part ordering that Plaintiff produce all ESI in her possession, and ordering that Plaintiff shall bear the costs of the search and production of the ESI. (Doc. No. 28.) We also ordered the parties to contact us within seven days to establish a deadline for the search and production of the ESI, and ordered that each party "shall bear their own costs, expenses, and attorney fees pertinent to this Motion." (Id.)

On November 21, 2011, we granted Defendant's prior Motion to Compel (Doc. 16), which was filed on August 10, 2011, as "unopposed." We also granted Defendant's Motion for an extension of discovery.[1] (Doc. No. 29.) The next day, November 22, 2011, Defendant filed another Motion to Compel, this time seeking "complete and verified answers to interrogatories, authorizations for release of medical records, and production of documents." (Doc. No. 30.) On November 29, 2011, the parties filed a stipulated Order which stated that Plaintiff "shall produce the documents and ESI ordered in the Court's November 18 and the Court's November 21 Order by December 12, 2011." (Doc. No. 32.) The parties further stipulated that fact discovery was to be completed by February 3, 2012, and dispositive motions filed by March 2, 2012. (Id.)

On December 16, 2011, Defendant filed a Motion for "Sanctions for Failure to Comply with Discovery Orders." (Doc. No. 35). In this Motion, Defendant moved this Court to sanction Plaintiff for failing to comply with the November 18, 2011 Order (Doc. No. 28), the November 21, 2011 Order (Doc. No. 29), and the December 5, 2011 Order (Doc. No. 33). (Id.) Defendant

---

[1] We note that the Order is silent as to attorneys' fees.

also asked for Plaintiff to pay the reasonable expenses, including attorneys' fees, incurred in Plaintiff's non-compliance with these Orders.[2]  (Id.)

On February 16, 2012, we denied as moot Defendant's Motion to Compel Complete and Verified Answers to Interrogatories, Authorizations for Release of Medical Records, and Production of Medical Records.  (Doc. No. 30.)  On this same date, we ordered that in consideration of Defendant's Motion for Sanctions (Doc. No. 35), "Plaintiff shall pay Defendants reasonable expenses incurred in making said Motion, including reasonable attorney's fees."  (Doc. No. 42.)  We furthered ordered that all other sanctions requested in this Motion were denied.  (Id.)

Defendant filed a Motion for Summary Judgment on March 3, 2012.  On March 20, 2012, Plaintiff filed a Motion for an Extension of Time to Complete Discovery, asking for additional discovery time to complete more depositions so as to be able to properly respond to the Motion for Summary Judgment.  (Doc. No. 46.)  On March 23, 2012, we granted this Motion and set April 9, 2012, as the deadline for Plaintiff to respond.  (Doc. No. 48.)  All other pre-trial deadlines were stayed.  (Id.)

We held a telephone conference with the parties on April 4, 2012, to discuss a Motion for a Continuance that the Plaintiff was asking for to take five depositions of employees and former employees of Defendant.  Following the telephone conference, we wrote a letter to the parties

---

[2]Plaintiff filed a Response to this Motion asserting that "Defendant created an unnecessary, wasteful and convoluted discovery dispute surrounding ESI in this matter and is now attempting to use it as a way to avoid having the case decided on its merits." (Pl.'s Resp. Mot. Sanctions at 1.)  Plaintiff's counsel stated that his firm dedicated an unprecedented amount of time and resources to complete the ESI search of Plaintiff's laptop which comprised over 30,000 stored messages, and that he has provided Defendant with 2,058 documents pursuant to the searches.  (Id.)

4

stating, in relevant part, the following:

> This will confirm the conference call of today in which I directed that counsel for the parties are to immediately arrange the taking of three depositions designated by plaintiff. Any difficulties arising in attempting to arrange for these depositions shall be brought to the Court's attention immediately by way of a conference call.
>
> Defense counsel is to advise the Court as to any additional costs or counsel fees they have incurred as a result of having to respond to plaintiff's "Motion for Continuance Pursuant to Rule 58(f)" and as to any additional counsel fees incurred in having to supplement or amend their pleading Motion for Summary Judgment as a result of the additional discovery.

On April 18, 2012, Defendant's counsel, Robert Cottington, Esq., wrote a letter to Plaintiff's counsel, Timothy Kolman, Esq., demanding payment of $8,018 in expenses and attorneys' fees that the Defendant incurred making its Motion to Compel Discovery Responses on August 10, 2011. (Pl.'s Mot. Recons., Ex. A.) The letter further stated that on November 21, 2011, this Court granted this Motion in its entirety, and included a schedule of costs totaling this amount. (Id.)

On May 9, 2012, Defendant's counsel sent this Court a letter stating that as per our instructions during the April 4, 2012 conference call with the parties, he was informing us of the date and location of the three depositions that were the subject of the call. (Id. at Ex. B.) The letter further stated that it was also informing us of the "additional costs and attorneys' fees Defendant has and will incur in connection with responding to Plaintiff's Motion for a continuance and in connections with the three depositions." (Id.) In this letter, counsel stated that as a result of having to respond to Plaintiff's Motion for Continuance, Defendant has incurred $6,434 in attorneys' fees. (Id.) Counsel further stated that as a result of having to

5

schedule, prepare for, and attend the depositions of the three witnesses, Defendant has incurred $1,744 in attorneys' fees in scheduling the depositions, anticipates incurring an additional $2,860 in attorneys' fees in preparing the witnesses and attending the depositions, and has incurred or will incur $2,605.99 in additional costs in connections with travel by Defendant's counsel and representatives to these depositions. (Id.) In total, Defendant asserted that it will incur $7,209.99 in costs, including attorneys' fees in connection with the depositions. (Id.) Thus, Defendant demanded a total of $13,643.99 ($6,434 + $7,209.99) from Plaintiff because of the additional discovery. (Id.)

On May 18, 2012, Plaintiff filed the instant Motion entitled "Motion for Reconsideration of the Court's February 16, 2012 Order and Objection to the Costs Sought."[3] (Doc. No. 53.) Defendant responded on June 1, 2012. (Doc. No. 54.) In this Motion, Plaintiff first notes that Defendant has demanded fees totaling $21,661.99, which included the $13,643.99 for the additional discovery and $8,018 in expenses and attorneys' fees that the Defendant incurred in making its Motion to Compel Discovery Responses on August 10, 2011. (Doc. No. 53.) Plaintiff asserts that she has acted in good faith throughout the discovery process and that a payment of unreasonable and unsubstantiated fees totaling this amount would constitute a manifest injustice. (Id.) Plaintiff further argues that the "lack of detail with respect to time spent

---

[3]The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). This Circuit has held that the party seeking reconsideration must demonstrate at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Jackson v. Rohm & Haas Co., No. 06-1540, 2007 WL 579662, at *2 (3d Cir. Feb. 26, 2007).

on each itemized activity, as well as the hourly rate of the attorney and the identity of the attorney performing the work, has left this Court and the Plaintiff in the untenable position of engaging in guesswork as to the propriety of the request." (Id. at 3.)

Defendant responds that this Motion should be denied because: (1) Plaintiff has not shown manifest injustice, but rather has merely asked the Court to "rethink" its February 16, 2012 Order, which is not a permissible ground for a motion for reconsideration, and (2) Defendant's counsel would have given Plaintiff's counsel the information that he states is missing prior to filing this Motion if he had only asked. (Doc. No. 54.) Defendant also asserts that the Motion is untimely.[4] (Id.)

## II.   DISCUSSION

Although we have noted the legal standard in considering a Motion for Reconsideration, we will not address this current Motion as a Motion for Reconsideration. Rather, we will clarify our previous Orders regarding attorneys' fees and expenses.

First, we address Defendant's demand for attorneys' fees and reasonable expenses regarding its August 10, 2011 Motion to Compel Discovery Responses (Doc. No. 16). In his April 18, 2012 letter to Plaintiff's counsel, Defendant's counsel stated that regarding its August 10, 2011 Motion, Defendant also sought relief requesting Plaintiff pay "Defendant's reasonable expenses incurred in making the Motion, including attorneys' fees." (Pl.'s Mot. Recons., Ex. A.)

---

[4]Local Rule of Civil Procedure 7.1(g) provides:

> Motions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the judgment, order, or decree concerned.

Local Civil Rule 7.1(g).

Defendant's counsel further stated that "[o]n November 21, 2011, the Court granted the Motion in its entirety," and that Defendant had "incurred $8,018 in expenses, including, but not limited to, attorneys' fees incurred in efforts to confer with you to obtain sufficient production without court action." (Id.)

Defendant, however, is mistaken in its assertion that we granted its August 10, 2011 Motion "in its entirety," including attorneys' fees and expenses. Specifically, with regard to this Motion, we ordered that the Motion to Compel Discovery Responses was "granted as unopposed." (See Doc. No. 29.) We did not specifically grant Defendant expenses and attorneys' fees concerning this Motion. During this period of time in October and November 2011, Defendant filed several discovery motions. However, as evidenced in the procedural history of this case, the parties also entered into a number of stipulations with regard to their discovery disputes. At the time of our November 21, 2011 Order, we had no intention of granting expenses and attorneys' fees regarding Defendant's August 10, 2011 Motion.

We did, however, grant attorneys' fees with regard to Defendant's Motion for Sanctions for Failure to Comply with Discovery Orders which was filed on December 16, 2011. On February 16, 2012, we ordered that in consideration of Defendant's Motion for Sanctions (Doc. No. 35), "Plaintiff shall pay Defendant's reasonable expenses incurred in making said Motion, including reasonable attorney's fees." (Doc. No. 42.) In granting this Motion, it was our intention that the expenses and fees be specifically limited to the drafting of this specific Motion, and that the expenses and the fees demanded by Defendant be reasonable. We, thus, direct Defendant to submit to Plaintiff and this Court a schedule of such reasonable attorneys' fees and expenses with regard to the drafting of that Motion only. Any expenses and/or attorneys' fees

8

that we deem excessive will not be awarded.

Next, we address the issue of expenses and attorneys' fees with regard to the additional discovery that was permitted by this Court involving the depositions of three of Defendant's employees. As noted above, in an April 4, 2012 letter to the parties, we directed that the parties immediately arrange the taking of the three depositions and that defense counsel was to "advise the Court as to any additional costs or counsel fees they have incurred as a result of having to respond to plaintiff's Motion for Continuance," and "as to any additional counsel fees incurred in having to supplement or amend their pending Motion for Summary Judgment as a result of the additional discovery." As this letter indicates, we did not order Plaintiff to pay such expenses and attorneys' fees. Rather, we directed defense counsel to "advise" the Court of such expenses and fees. As per our instructions, Defendant submitted a letter to this Court dated May 9, 2012, informing us when and where the three depositions would take place, and included a schedule of expenses and attorneys' fees. This schedule totaled $13,643.99, and included multiple costs for client communications and travel costs associated with the depositions. However, most of these costs listed were not intended by this Court as expenses and attorneys' fees that Plaintiff was responsible for paying. Rather, our intent was for Plaintiff to be responsible for the costs associated with Defendant having to possibly supplement or amend its Motion for Summary Judgment depending on the information elicited from the three depositions.

We note that at the time this current Motion was filed, Defendant had not filed an amended Summary Judgment Motion. However, since that time, the three depositions have been taken, and on July 10, 2012, we ordered Plaintiff to file her response to the Summary Judgment Motion within fourteen days of the date of this Order. We also gave Defendant ten days from the

receipt of such response to file a reply brief.  If Defendant opts to file a reply, and such reply involves the three depositions at issue, we direct defense counsel to submit to this Court and Plaintiff's counsel a schedule of the reasonable expenses and attorneys' fees incurred specifically in drafting such a reply.  In addition, we direct defense counsel to also submit to this Court and Plaintiff's counsel a schedule of the reasonable costs and attorneys' fees incurred only pertaining to the drafting of Defendant's Response to Plaintiff's Motion for Extension of Time to Complete Discovery.  (Doc. No. 50.)

       An appropriate Order follows.