IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIA TYLER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| GUARDIAN PROTECTION SERVICES, | : | NO. 11-628 |
| | : | |
| Defendant. | : | |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                   **AUGUST 7, 2012**

      Presently before the Court is Defendant, Guardian Protection Services' ("Defendant"), Schedule of Attorneys' Fees incurred in drafting a Motion for Sanctions (Doc. No. 35), and in drafting a Response to Plaintiff, Mia Tyler's ("Plaintiff"), Motion for Extension of Time to Complete Discovery (Doc. No. 50). Also before this Court is Plaintiff's Response to this Schedule. For the reasons stated below, we grant Defendant attorneys' fees in the amount of $4,744.00.

**I.     BACKGROUND**

      Plaintiff filed the instant Complaint on January 31, 2011, for unlawful race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981. Plaintiff, an African-American, asserts that she was employed by the Defendant from July 2, 2008, until June 16, 2009. (Compl. ¶ 14.) Plaintiff avers that Defendant intentionally

discriminated against her as a result of her race, and thereby denied her the benefits of "the contractual relationship she had entered with Defendant by disciplining her for pretextual reasons, subjecting her to harassment as a result of her race, and terminating her employment for pretextual reasons." (Id. ¶ 24.)

Since the filing of the Complaint, the parties have been involved in ongoing discovery disputes.[1] On July 13, 2012, we issued an Order directing Defendant's counsel to submit to this Court schedules of reasonable attorneys' fees incurred in drafting a Motion for Sanctions (Doc. No. 35), and a Response to Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. No. 50). Defendant submitted the Schedules on July 23, 2012, and requested $3,998.00 in attorneys' fees for the drafting of the Motion for Sanctions and $5,146.00 for the drafting of the Response to the Motion for Extension of Time. (Def.'s Schedules of Attorneys' Fees, Exs. 2-3.) Plaintiff filed a Response on July 31, 2012, essentially arguing that the number of hours Defendant claims to have spent drafting these filings are excessive and should be reduced significantly.

**II.   DISCUSSION**

Having determined that Defendant is entitled to a fee award, we address the proper amount of attorneys' fees to award. Courts in the Third Circuit calculate attorneys' fees pursuant to the lodestar approach. See Interfaith Comm. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 n.5 (3d Cir. 2005). The lodestar is calculated by multiplying the amount of time reasonably

---

[1]For a complete procedural history including the discovery history between the parties leading up to this current Schedule of Attorneys' Fees, see our prior Memorandum Opinion, Tyler v. Guardian Protection Services, No. 11-628, 2012 WL 2873568, at *1 (E.D. Pa. July 13, 2012).

expended by reasonable hourly rates.  See Brytus v. Spang & Co., 203 F.3d 238, 242 (3d Cir. 2000).  Next, the Court may adjust the lodestar based on various factors.[2]  The prevailing party bears the burden of establishing the reasonableness of both the time expended and the hourly rates.  See Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984); Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

First, regarding the hourly rates charged by Defendant's counsel, there is no dispute.  Plaintiff does not argue that they are excessive, nor do we find them to be excessive.  Defendant seeks fees of $260.00 per hour for two of its counsel and $200.00 per hour for its other counsel.  A reasonable hourly rate is determined by prevailing market rates in the community.  See Blum, 465 U.S. at 895.  A prevailing market rate is the rate "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Missouri v. Jenkins, 491 U.S. 274, 286 (1989).

Here, one of Defendant's counsel, Lisa Lynne Garrett, Esq. ("Attorney Garrett"), states in a Declaration that Defendant has insurance coverage for defense of this case through Chubb & Son, a Division of the Federal Insurance Company ("Chubb"), and that Chubb has approved rates

---

[2]These factors are:
(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

City of Riverside v. Rivera, 477 U.S. 561, 568 n.3 (1986).

and billing guidelines for the defense of this action.  (Def.'s Schedules of Attorneys' Fees, Ex. A at ¶¶ 3-4.)  Attorney Garrett further states that Chubb's approved rates for her and co-counsel, Robert Cottington, Esq. ("Attorney Cottington"), are $260.00 per hour, and $200.00 per hour for co-counsel, Jessi Isenhart, Esq. ("Attorney Isenhart").  (Id. ¶ 4.)  Attorney Garrett also states that these are the hourly rates that they bill Defendant and are the fees that they request now.  (Id.)  Given that hourly rates for all three of these attorneys would, in all likelihood, be significantly higher in non "Chubb" cases due to their level of experience, we find that these hourly rates are certainly reasonable.

Next, we consider the reasonableness of the time Defendant's counsel spent on drafting its Motion for Sanctions, and its Response to Plaintiff's Motion for Extension of Time to Complete Discovery.  "[C]ourts are to exclude from the determination of the lodestar any hours not reasonably expended.  Hours subject to exclusion under Hensley include those deemed 'excessive, redundant, or otherwise unnecessary.'"  McKenna v. City of Phila., 582 F.3d 447, 455 (3d Cir. 2009) (quoting Hensley, 461 U.S. at 434).

Defendant has submitted a schedule of reasonable attorneys' fees incurred in drafting its Motion for Sanctions to be 19.6 hours.  Attorney Isenhart spent 18.3 of these hours drafting the Motion and brief.  The brief in support of the Motion numbered twenty-two pages and was accompanied by twenty-six pages of Exhibits.  A review of the brief indicates that a significant portion of the brief discussed the procedural history of this case and the history of Plaintiff's alleged "dilatoriness."  While said Brief is certainly well-written and comprehensive, we are of the opinion that 18.3 hours spent on such was "excessive," and we will reduce this total to a more reasonable 9 hours.  See Hensley, 461 U.S. at 434.  We will not reduce the remaining 1.3

hours spent on this filing by Attorney Cottington.  Thus, we award attorneys' fees for the drafting of the Motion for Sanctions in the amount of $2,138.00, representing Attorney Isenhart's 9 hours at $200.00 per hour and Attorney Cottington's 1.3 hours at $260.00 per hour.

Next, we consider Defendant's schedule of attorneys' fees regarding its Response to Plaintiff's Motion for Extension of Time to Complete Discovery.  In this schedule, Defendant submits that its counsel spent a total of 24.8 hours drafting said Response.  Attorney Isenhart spent 21.7 hours of this total researching and drafting the Response, and Attorneys Cottington and Garrett spent 3.1 hours reviewing and revising the Response.  The Response consisted of a sixteen page Brief accompanied by one hundred pages of Exhibits.  A review of the Response also indicates that a significant part of such outlined the procedural history of this case and the discovery history between the parties.  We note that this Response, like the Motion for Sanctions, is well-written and comprehensive.  However, we again opine that spending 24.8 hours in total by counsel on this Response and 21.7 hours alone in drafting it was "excessive."  Id.

In addition, after reviewing the history of the discovery between the parties and Plaintiff's Motion for Extension of Time to Complete Discovery, we also opine that much of the argument in the Response and the Exhibits attached thereto were "otherwise unnecessary" in order to competently and comprehensively respond to the Plaintiff's Motion.  Id.  Accordingly, we reduce the time Attorney Isenhart worked on the Response to 9 hours which we believe is a reasonable amount of time responding to this particular Motion.  We will not reduce the 3.1 hours expended by Attorneys Cottington and Garrett.  Thus, we award attorneys' fees for the drafting of the Response in the amount of $2,606.00, representing Attorney Isenhart's 9 hours at $200.00 per hour and Attorneys Cottington and Garrett's 3.1 hours at $260.00 per hour.  Therefore, in total,

we award Defendant attorneys' fees in the amount of $4,744.00 ($2,606.00 plus $2,138.00).

An appropriate Order follows.